SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@semnarlawfirm.com
Jared M. Hartman (SBN 254860)
jared@jmhattorney.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff, JOHN RISSER

# U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RISSER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | Case No.: **'15CV1314 DMS RBB**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,**<br>2. **FEDERAL FAIR CREDIT REPORTING ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, JOHN RISSER, an individual, by and through his attorneys of record, , hereby complains and alleges as follows:

## INTRODUCTION

1.   Plaintiff, through his attorneys, brings this action to challenge the actions of Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter "EQUIFAX"), for failing to conduct a reasonable investigation into Plaintiff's disputes of the misinformation upon his credit report, failing to delete inaccurate information

1
**Complaint for Damages**

thereupon, and failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of the Plaintiff's consumer credit report.

2. This action arises out of Defendant's violations of the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785.1-1785.36) ("California CCRAA") and the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA").

3. In California Civil Code § 1785.1(a)-(g), the California Legislature made the following findings and purpose in creating the California CCRAA:

(a) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers.

(b) Consumer credit reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(c) There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(d) It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

(e) The Legislature hereby intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

(f) The extension of credit is a privilege and not a right. Nothing in this title shall preclude a creditor from denying credit to any applicant

providing such denial is based on factors not inconsistent with present law.

(g) Any clauses in contracts which prohibit any action required by this title are not in the public interest and shall be considered unenforceable. This shall not invalidate the other terms of such a contract.

4. In 15 U.S.C. § 1681, the U.S. Legislature made the following findings and purpose in creating the Federal FCRA:

(a) Accuracy and fairness of credit reporting. The Congress makes the following findings:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness [creditworthiness], credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(b) Reasonable procedures. It is the purpose of this title [15 USCS §§ 1681 et seq.] to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title [15 USCS §§ 1681 et seq.].

5. Plaintiff makes the allegations below on information and belief, with the

exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION & VENUE

6. This action arises out of Defendant's violations of the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p; and the State of California CCRAA, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

7. Because Defendant conducts business within the State of California, personal jurisdiction is established.

8. Because all tortious conduct occurred while Plaintiff resided in the County of San Diego, venue properly lies in this court.

## PARTIES & DEFINITIONS

9. Plaintiff is a natural person whose permanent residence is in the County of San Diego, State of California.

10. Defendant EQUIFAX is physically located at 1550 Peachtree Street NW, H46, in the City of Atlanta, State of Georgia, but regularly does business in the State of California and maintains a registered agent for service of process within the State of California.

11. Plaintiff is a natural person, and is therefore a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15 U.S.C. § 1681a(c) of the Federal FCRA.

12. The causes of action herein pertain to Plaintiff's "consumer credit reports",

as that term is defined by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

13.  The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

14.  Defendant EQUIFAX is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA and Calif. Civil Code § 1788.3(d) of the California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of

furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

15. Starting sometime in the year of 2000, Plaintiff opened and maintained a credit card account with U.S. Bank as a line of personal credit for household expenses.

16. In December of 2013, U.S. Bank agreed to accept as a full settlement of Plaintiff's loan balance approximately $3,638.28 less than the full balance owed on the loan.

17. Plaintiff never once went into default on the loan obligation and never once missed a monthly payment.

18. The settlement was entered into and executed without Plaintiff actually going into default.

19. A letter from U.S. Bank to Plaintiff in December of 2014 shows U.S. Bank's acceptance of the settlement amount shows that Defendant agreed to report to the consumer credit reporting agencies that the account has been "settled in full".

20. Unfortunately, however, Plaintiff discovered in February of 2014 his Equifax report showed the payment status of the account was "Collection/Chargeoff", and included in the remarks section that Plaintiff's payment was made "after chargeoff/collection".

21. Such a reporting is not accurate and is false and misleading, because Plaintiff never let the account go into charge off or collection, and made his settlement

payment in full in a timely manner before the account ever went into default.

22. By letter dated March 30, 2015, Plaintiff sent a written dispute to Defendant EQUIFAX as to the reporting of this tradeline, and the dispute specifically stated:

> I am writing to lodge a written dispute as to certain inaccurate information contained on my credit report. My credit report shows that U.S. Bank has reported that I settled my account with them after charge-off/collection, which makes it appear as if I went into default and then settled the account. However, this is not accurate, as I settled the account without ever missing a payment and I therefore never went into default. This derogatory report has caused my credit score to drop and is causing me to lose the ability to obtain any new loans.

23. A certified mail return receipt shows that Defendant EQUIFAX received this written notice of dispute on April 4, 2015.

24. By letter dated April 24, 2015, Defendant EQUIFAX claimed to have completed its investigation and that the "current status and prior paying history are reporting correctly".

25. However, the April 25, 2015 letter included the tradeline that Defendant EQUIFAX claimed was the updated tradline, and it still shows the status as "Collection Account".

26. As stated above, the account was never in collection as Plaintiff paid the account without ever once going into default.

27. Moreover, the "Universal Data Form" dated March 23, 2015 submitted by U.S. Bank to Defendant EQUIFAX was to specifically request that the tradeline deleted

in its entirety.

28. Because Defendant EQUIFAX maintained on Plaintiff's consumer credit report the inaccurate information that the account was a "Collection Account", Plaintiff is informed and believes that Defendant EQUIFAX failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his written dispute, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

29. Additionally, because Defendant EQUIFAX failed to delete the tradeline in accordance with U.S. Bank's March 23, 2015 Universal Data Form request, Plaintiff is informed and believes that Defendant failed to employ and follow reasonable procedures to ensure maximum possible accuracy.

30. Moreover, Plaintiff is informed and believes that the derogatory items upon his consumer credit reports has never been updated by Defendant with the notation that the derogatory information is "in dispute", and that this failure to so update the derogatory item has been done willfully and knowingly because Plaintiff gave a detailed description of how the information was inaccurate.

31. Plaintiff's credit report dated June 10, 2015 obtained from Defendant EQUIFAX still shows the U.S. Bank account tradeline and still shows the Payment Status as "Collection/Charge-Off" and the remarks section states the account is "Paid Collection", all in spite of the fact that on March 23, 2015 U.S. Bank specifically

instructed Defendant to delete this tradeline in its entirety and in spite of the fact that on April 24, 2015 Defendant EQUIFAX claims to have completed its investigation into Plaintiff's March 30, 2015 dispute.

32. Moreover, Plaintiff's June 2015 report fails to show the notation that the account was in dispute by Plaintiff.

33. Because attempts at informal rectification of the inaccurate information have proven futile, Plaintiff now must invoke litigation solely in order to assert his rights under Federal and State statute.

34. Plaintiff has suffered actual damages as a result of Defendant's violations because has suffered a significant decrease in his consumer credit score, which has resulted in loss of potential credit opportunity during a period of time when Plaintiff is in the market for purchasing a new home and needs to have the highest possible credit score in order to obtain a favorable mortgage loan.

35. Plaintiff has also suffered actual damages as a result of Defendant's violations because by way of embarrassment, humiliation, frustration, loss of sleep, anger, as well as feelings of hopelessness at his fruitless efforts at informal resolution of the inaccurate reporting. .

36. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant EQUIFAX, pursuant to Calif. Civ. Code § 1785.16 of the California CCRA (emphasis added):

///

(a) If the completeness or accuracy of any item of information contained in his or her file is disputed by a consumer, and the dispute is conveyed directly to the consumer credit reporting agency by the consumer or user on behalf of the consumer, **_the consumer credit reporting agency shall within a reasonable period of time and without charge, reinvestigate and record the current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer or user_**, unless the consumer credit reporting agency has reasonable grounds to believe and determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure of the consumer to provide sufficient information, as requested by the consumer credit reporting agency, to investigate the dispute. Unless the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, before the end of the five-business-day period beginning on the date the consumer credit reporting agency receives notice of dispute under this section, the agency shall notify any person who provided information in dispute at the address and in the manner specified by the person. A consumer credit reporting agency may require that disputes by consumers be in writing.

(b) In conducting that reinvestigation **_the consumer credit reporting agency shall review and consider all relevant information submitted by the consumer with respect to the disputed item of information_**. If the consumer credit reporting agency determines that the dispute is frivolous or irrelevant, it shall notify the consumer by mail or, if authorized by the consumer for that purpose, by any other means available to the consumer credit reporting agency, within five business days after that determination is made that it is terminating its reinvestigation of the item of information. In this notification, the consumer credit reporting agency shall state the specific reasons why it has determined that the consumer's dispute is frivolous or irrelevant. **_If the disputed item of information is found to be inaccurate, missing, or can no longer be verified by the evidence submitted, the consumer credit reporting agency shall promptly add, correct, or delete that information from the consumer's file_**.

10
**Complaint for Damages**

37. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant EQUIFAX, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA (emphasis added):

> (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *__the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller__*.
>
> (a)(5)(A) In general. *__If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall__*—
>
>> (i) *__promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation__*; and
>>
>> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

38. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant EQUIFAX, pursuant to 15 U.S.C. § 1681e(a) & (b) of the Federal FCRA (emphasis added):

///

///

///

(a) Identity and purposes of credit users. *<u>Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USCS § 1681c]</u>* and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USCS § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USCS § 1681b].

(b) Accuracy of report. *<u>Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates</u>*.

# FIRST CAUSE OF ACTION
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Calif. Civ. Code § 1785.16

39. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

40. As the credit reporting agency, Defendant EQUIFAX has always been required to comply with California Civil Code § 1785.16(a)-(b) of the California CCRA.

41. Plaintiff is informed and believes that Defendant EQUIFAX violated California Civil Code § 1785.16(a)-(b) of the California CCRA after he lodged a written dispute with them in April 2015 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or

12
**Complaint for Damages**

delete the information, failed to consider all relevant information supplied by Plaintiff in his dispute, failed to notate that the account was in dispute by Plaintiff, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting since Defendant's April 24, 2015 response to Plaintiff's dispute and his consumer credit reports from May and June of 2015 have maintained the very inaccurate information about which Plaintiff complained.

42.  As a result, Plaintiff has suffered economic damages and emotional distress damages as described above.

## SECOND CAUSE OF ACTION
## FEDERAL FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A); and 1681e(a), (b)

43.  Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

44.  As the credit reporting agencies, Defendant EQUIFAX has always been required to comply with 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) and 1681e(a) & (b) of the Federal FCRA.

45.  Plaintiff is informed and believes that Defendant EQUIFAX violated 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) of the Federal FCRA after he lodged a written dispute with them in April 2015 by failing to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his dispute, failed to notate that the account was in dispute by Plaintiff, and failed to

1 employ and follow reasonable procedures to prevent such inaccurate reporting since
2 Defendant's April 24, 2015 response to Plaintiff's dispute and his consumer credit
3 reports from May and June of 2015 have maintained the very inaccurate information
4 about which Plaintiff complained.

5    46.   Plaintiff is informed and believes that Defendant EQUIFAX violated 15
6 U.S.C. §§ 1681e(a) & (b) of the Federal FCRA by maintaining the very inaccurate
7 information about which Plaintiff complained, and by completely failing to honor U.S.
8 Bank's March 23, 2015 request to delete the tradeline in its entirety.

9    47.   As a result, Plaintiff has suffered economic damages and emotional
10 distress damages as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**As to the First Cause of Action:**

1. Actual damages, as will be proven at trial, pursuant to Calif. Civ. Code § 1785.31(a)(1);

2. Any actual damages as will be proven at trial, plus punitive damages of $100.00-$5,000.00 for each individual violation, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

3. Injunctive relief to prohibit Defendant from engaging in future violations of Calif. Civ. Code § 1785.16, pursuant to Calif. Civ. Code § 1785.31(b);

    4.    Any reasonable attorney's fees and costs to maintain the instant action, pursuant to Calif. Civ. Code § 1785.31(d).

**As to the Second Cause of Action:**

    5.    Actual damages or statutory damages of $100.00-$1,000.00 for each individual violation, as will be proven at trial, pursuant to 15 U.S.C. § 1681n(a)(1);

    6.    Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

    7.    Actual damages, as will be proven at trial, pursuant to 15 U.S.C. § 1681o(a)(1);

    8.    Injunctive relief to prohibit Defendant from engaging in future violations;

    9.    Any reasonable attorney's fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                              SEMNAR & HARTMAN, LLP

DATED: 6/12/2015            /s/ Jared M. Hartman, Esq.
                                        JARED M. HARTMAN, ESQ.
                                        Attorney for Plaintiff, John Risser